IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ESPINOZA, Individually and On Behalf of All Similarly Situated Persons,     Plaintiff, | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:17-cv-0968 |
| R & D TIERRA CALIENTE, INC. d/b/a PANADERIA TIERRA CALIENTE, RUBEN ARGUELLO, Individually and d/b/a TIERRA CALIENTE #2 AND FERNANDO DUQUE, Individually and d/b/a TIERRA CALIENTE #2,     Defendants. | § § § § § § § § § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought individually and as a collective action to recover unpaid minimum wage and overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Juan Espinoza and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

**Parties**

1.     Plaintiff Juan Espinoza ("Espinoza") a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2.     Defendant R & D Tierra Caliente, Inc., d/b/a Panaderia Tierra Caliente ("Tierra Caliente") is a Texas corporation and is and was an "employer" as that term is defined by the FLSA. With respect to Plaintiff and Members of the Class, Tierra Caliente is subject to the

provisions of the FLSA. Tierra Caliente was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant Tierra Caliente may be served through its registered agent, Ruben Arguello at 5450 Airline Drive, Ste. C, Houston, Texas 77076 or wherever he may be found.

3. Defendant Ruben Arguello ("Arguello"), Individually and d/b/a Tierra Caliente #2 is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of R & D Tierra Caliente, Inc. in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Arguello worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Arguello may be served with process at 5450 Airline Drive, Ste. C, Houston, Texas 77076 or wherever he may be found.

4. Defendant Fernando Duque ("Duque"), Individually and d/b/a Tierra Caliente #2 is an individual who was an "employer" as that term is defined by the FLSA because he acted on behalf of R & D Tierra Caliente, Inc. in setting the terms of wages and hours throughout the companies, and running them on a day to day basis. Duque worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Duque may be served with process at 5450 Airline Drive, Ste. C, Houston, Texas 77076 or wherever he may be found.

**Jurisdiction and Venue**

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all

times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting materials through commerce, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

### Factual Allegations

6. Plaintiff Espinoza worked for Defendants as a baker from March of 2008 until March 6, 2017. Espinoza's duties included, but were not limited to, preparing dough, baking, assisting other workers with their duties, cleaning his area and other duties as instructed by Defendants.  Espinoza was paid the same salary rate for all hours worked ("straight time").  He was not paid one and one-half times his regular rate of pay for the hours over 40 that he worked in a week.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.  Plaintiff was not an "exempt" employee.

8. Defendants did not make a good faith effort to comply with the minimum wage or overtime provisions contained within the FLSA.

9. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

10. Defendants Ruben Arguello and Fernando Duque are owners and control persons of R & D Tierra Caliente, Inc. d/b/a Panaderia Tierra Caliente, and are personally involved in the day-to-day operations of the business, and in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of R & D Tierra Caliente, Inc. d/b/a Panaderia Tierra Caliente.

11. Defendants Ruben Arguello and Fernando Duque have the authority to hire, discipline and fire employees, and to determine employee compensation.

12. Defendants are liable to Plaintiff under the FLSA for all unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees, out of pocket expenses and costs. Upon information and belief, Defendants were previously investigated by the U.S. Department of Labor and found to be in violation of the FLSA. Due to the knowing and willful conduct of Defendants in violating the FLSA, Plaintiff and those similarly situated to him who opt in to this lawsuit are entitled to recover unpaid overtime and liquidated damages for a period of three years prior to their appearance in this matter.

**Plaintiff's Individual Allegations**

13. As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in nearly every workweek that the Plaintiff was employed by Defendants during the Relevant Time Period. Plaintiff regularly worked in excess of 40 or more hours in most weeks, and at times worked in excess of 70 hours per week for Defendants.

14. No exemption excuses the Defendants from paying Plaintiff the minimum wage and overtime rates for all hours worked over forty (40) per workweek. In addition, the Defendants have not made a good faith effort to comply with the FLSA. The Defendants thus knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff.

## Collective Action Allegations

15. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies that the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all similarly situated employees on the same basis.

16. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of manual, physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

17. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

18. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy independent of any personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experiences are typical of the experiences of the Members of the Class.

19. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

20. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as bakers, baker assistants, laborers, kitchen workers, helpers and similar positions by Defendants R & D Tierra Caliente, Inc. d/b/a Panaderia Tierra Caliente, Ruben Arguello, Individually and d/b/a Tierra Caliente #2 and Fernando Duque, Individually and d/b/a Tierra Caliente #2 during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

21. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

22. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

23. Defendants are liable to Plaintiff and Members of the Class for unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**Demand for Jury**

24. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by R & D Tierra Caliente, Inc. d/b/a Panaderia Tierra Caliente, Ruben Arguello, Individually and d/b/a Tierra Caliente #2 and Fernando Duque, Individually and d/b/a Tierra Caliente #2 as bakers, baker assistants, laborers, kitchen workers, helpers and similar positions during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and Members of the Class's unpaid minimum wages and overtime wages at the applicable rate;
3. An equal amount to the minimum and overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JUAN ESPINOZA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR**
**PLAINTIFF JUAN ESPINOZA**